COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-05-308-CR

        2-05-309-CR

 

MARTIN CRAIG FLEECE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Martin Craig Fleece
appeals from his convictions for debit card abuse and unauthorized use of a
motor vehicle.  In two points, Appellant
argues that the trial court erred by denying his motion for continuance to
permit his expert witness to testify at trial and by refusing to admit into
evidence the record of the same witness=s pretrial testimony.  We
affirm.








                                            Background

Christopher Freed owns an
ambulance service and operates a single ambulance.  On February 25, 2004, Freed left his
ambulance at the apartment complex where he routinely parked the vehicle.  In keeping with industry custom, Freed left a
set of keys under the driver=s seat and a debit card in the head liner.  On February 26, Freed discovered that the
ambulance was missing and called the police. 

A police officer found Freed=s ambulance parked in a roadway. 
Appellant was sitting in the back of the ambulance and identified
himself to police as Christopher Freed. 
Also in the ambulance were cleaning supplies, as well as clothing and
personal hygiene products, purchased at Wal-Mart with Freed=s debit card. 








The police arrested
Appellant.  Appellant made a statement in
which he admitted that he took the ambulance and bought the cleaning supplies
with the debit card.  He stated that he
started the ambulance to get warm, but then drove away in it because passers-by
were looking at him and made him feel uncomfortable.  He found the debit card and decided that the
ambulance was dirty, so he stopped to buy the cleaning supplies.  Appellant said that he drove to a friend=s house in Lancaster where he intended to wash the ambulance, but he
changed his mind because he didn=t want his friend to know that he had the ambulance.  He then drove back to Fort Worth, where the
ambulance ran out of gas. 

A grand jury indicted
Appellant for debit card abuse and unauthorized use of a motor vehicle.  The trial court set the cases for trial for
July 25, 2005.  On July 18, Appellant=s counsel learned that Dr. J. Randall Price, a clinical and forensic
psychologist retained by counsel to testify on Appellant=s behalf, would be unavailable for trial.  Counsel filed verified motions for continuance
to postpone the trial until Dr. Price was available.

The trial court heard
Appellant=s motions
for continuance on July 21.  Dr. Price
testified at the hearing.  Dr. Price said
that he interviewed Appellant and administered several psychological tests to
him.  In Dr. Price=s opinion, Appellant is bipolar and experiences intermittent manic
episodes.  According to Dr. Price,
Appellant thought that the ambulance=s owner would give him a job as an ambulance driver if he took the
ambulance and cleaned it.  Dr. Price
testified that this incident was Aa really good example of a manic episode.@  On cross-examination, he
agreed that Appellant was capable of forming the intent to take the ambulance
at the time of the offense. 
Significantly, Dr. Price did not testify that Appellant thought he had
the owner=s consent to
take the ambulance or use the debit card. 
The trial court determined that Dr. Price=s testimony was irrelevant and overruled Appellant=s motions for continuance. 








After the State rested at
trial, Appellant reurged his motions for continuance; the trial court stood by
its earlier ruling.  Appellant then moved
to admit into evidence the transcript of the July 21 hearing; the trial court
denied that motion, too.

The jury found Appellant
guilty of both offenses.  The trial court
assessed punishment at seventeen months= confinement in the state jail for each offense, with the sentences to
run concurrently. 

                                             Discussion

In two points, Appellant
argues that the trial court erred by denying his motions for continuance and by
excluding the transcript of Dr. Price=s pretrial testimony from evidence.

We review the trial court=s refusal to grant a continuance under an abuse of discretion
standard.  Wright v. State, 28
S.W.3d 526, 532 (Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128
(2001).  Likewise, we review the trial
court=s decision to admit or exclude evidence under an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001). 
We will not reverse a trial court=s ruling on the admission of evidence as long as the ruling is within
the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).








Relevant evidence is evidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid. 401.  To determine whether the trial court abused
its discretion when it ruled that Dr. Price=s testimony was irrelevant, we turn to the penal code=s definitions of the charged offenses.

A person commits the offense
of debit card abuse if, with intent to obtain a benefit fraudulently, he
presents or uses the debit card with knowledge that the card has not been
issued to him and is not used with the effective consent of the cardholder.  Tex.
Penal Code Ann. '
32.31(b)(1)(A) (Vernon 2002).  A person
commits the offense of unauthorized use of a motor vehicle if he intentionally
or knowingly operates a vehicle without the effective consent of the owner.  Id. ' 31.07(a) (Vernon 2002).








At the July 21 hearing,
Appellant argued that Dr. Price=s testimony was relevant to the issue of Appellant=s knowledge that he lacked the owner=s effective consent to use the debit card and ambulance.  We agree with the trial court=s assessment that Dr. Price=s testimony was irrelevant to the knowledge-of-consent issue.  Dr. Price did not testify that Appellant=s manic episode caused him to believe that he had the owner=s consent to use the debit card or take the ambulance.  At most, Dr. Price=s testimony suggests that Appellant believed the owner would be so
grateful to Appellant for having cleaned the ambulance that he would give
Appellant a job, and the unspoken inference in that belief is that the grateful
owner would retroactively consent to Appellant=s use of the debit card and ambulance. 
But that is not relevant to whether Appellant believed at the time of
the offense that the owner consented to his use of the ambulance and debit
card.








Appellant argues that Dr.
Price=s testimony was admissible as evidence of Adiminished capacity.@  Texas does not recognize
diminished capacity as an affirmative defense, that is, a lesser form of the
defense of insanity.  Jackson v. State,
160 S.W.3d 568, 573 (Tex. Crim. App. 2005). 
But Texas does recognize the diminished-capacity doctrine as a simple
failure-of-proof defense in which the defendant claims that the State failed to
prove that the defendant had the required state of mind at the time of the
offense.  Id.  A defendant may present evidence which the
jury may consider to negate the mens rea element, and this evidence may
sometimes include evidence of the defendant=s history of mental illness.  Id.
at 574.  Jackson was a murder
prosecution, and the court of criminal appeals pointed to code of criminal
procedure article 38.36(a), which provides that the defendant in all murder
prosecutions shall be permitted to offer testimony as to all relevant facts and
circumstances tending to show the condition of the defendant=s mind at the time of the offense, as the basis for admitting evidence
regarding the defendant=s mental
state at the time of the murder.  Id.;
see Tex. Code Crim. Proc. Ann.
art. 38.36(a) (Vernon 2004).  The court
noted that the trial judge Amay determine whether mental-illness evidence may be presented@; in other words, the admission of such evidence is within the trial
court=s discretion.  Jackson,
160 S.W.3d at 575.

There is no analogue to
article 38.36(a) that specifically makes mental-illness evidence relevant to
prosecutions for debit card abuse and unauthorized use of a motor vehicle.  Moreover, Dr. Price=s testimony does not tend to negate the culpable mental state for the
charged offenses; rather, it simply provides an excuse or explanation for
Appellant=s
intentional acts.  See id.
at 572 (noting that the evidence of the appellant=s mental illness Asimply provides a motive for the intentional act@).

We hold that the trial court
did not abuse its discretion when it ruled that Dr. Price=s testimony was irrelevant and inadmissible.  It follows that the trial court did not abuse
its discretion when it denied Appellant=s motions for continuance and his motion to introduce Dr. Price=s pretrial testimony into evidence.

 

 

 








We overrule Appellant=s two points and affirm the trial court=s judgments.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 14, 2006











[1]See Tex. R. App. P. 47.4.